IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES ROSS                                    *
          Petitioner,
   v.                                           *   CIVIL ACTION NO. DKC-07-345

JOHN P. WILT                                    *
DOUGLAS F. GANSLER[1]
          Respondents.                      *
                                                ***

**MEMORANDUM**

This *pro se* 28 U.S.C. § 2254 Petition for writ of habeas corpus was received for filing on February 6, 2007. The Petition raises a constitutional challenge to the voluntariness of Petitioner's plea and to the effectiveness of his trial counsel with regard to his controlled and dangerous drug ("CDS") convictions in the Circuit Court for Baltimore City on November 29, 2000.[2] Paper No. 1. It appearing to this court that the Petition was time-barred, on February 15, 2007, an order was issued directing Respondents to file a limited show cause response to the § 2254 Petition. On April 19, 2007, Respondents filed an answer, asserting that the Petition is time-barred and should be dismissed. Paper No. 9. Although afforded the opportunity to explain why his Petition may be subject to statutory or equitable tolling and should not be dismissed as untimely, Petitioner has not responded. The Petition may be determined on the pleadings and without oral hearing. *See* Local

---

    [1]     In light of the retirement of Attorney General J. Joseph Curran and the election of Douglas F. Gansler, the Clerk shall amend the docket to substitute the name of Mr. Gansler as a party respondent.

    [2]     The record shows that on November 29, 2000, Petitioner was sentenced in three separate drug cases. Paper No. 9, Exs. 1, 5, & 6. Because Petitioner references all drug offenses in his Petition, *see* Paper No. 1 at 1, the court shall consider all three cases as under attack.

Rule 105.6. (D. Md. 2004). For reasons to follow, the Petition shall be denied and dismissed as untimely.

Title 28 U.S.C. § 2254(a) permits a federal court to entertain an application for habeas corpus relief from a state prisoner only on grounds that he or she is in custody in violation of the Constitution or laws or treaties of the United States. When filing a federal habeas corpus petition pursuant to § 2254, defendants convicted in state court on a non-capital offense are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d).[3]

---

[3] This section provides:

> (1)   A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the exhibits presented to the court, Petitioner was convicted of various CDS charges in three separate cases in the Circuit Court for Baltimore City. Those cases were consolidated for sentencing before Judge Paul A. Smith on November 29, 2000.[4] The relevant appellate and collateral review histories of those cases for purposes of § 2244(d) review are as follows.

*State v. Ross*, Criminal No. 200154001

After sentencing, Petitioner filed a notice of appeal as to the convictions of which he was found guilty (possession with intent to distribute CDS and possession of CDS) in *State v. Ross*, Criminal No. 200154001. Paper No. 9, Ex. 1. The Court of Special Appeals of Maryland affirmed Petitioner's convictions on September 4, 2002, and issued its mandate on October 4, 2002. *Id.*, Ex. 3. Petitioner did not request further review by the Court of Appeals of Maryland. Thus, his conviction in this drug case became final on October 19, 2002. *See* Md Rule 8-302(a). While this conviction was on direct appeal, Petitioner sought post-conviction relief in the Circuit Court for Baltimore City on October 28, 2000.[5] *Id.*, Ex. 4. The petition was dismissed by Circuit Court Judge David Mitchell on January 18, 2001, due to the pendency of Petitioner's direct appeal. *Id.* Petitioner did not seek further collateral review as to this conviction. *Id.* Therefore, from the date on which Petitioner's CDS distribution and possession convictions became final in *State v. Ross*, Criminal No. 200154001 (October 19, 2002), to the date upon which this Petition was filed

---

[4] In a fourth case, Petitioner was found guilty of criminal trespass and also sentenced by Circuit Court Judge Smith on November 29, 2000, in *State v. Ross*, Criminal No. 200154002. Paper No. 9, Ex. 2. Petitioner does not attack this conviction here.

[5] Petitioner sought post-conviction review as to all four cases for which he was sentenced. Paper No. 9, Ex. 4 at 1.

3

(February 5, 2007), some fifty-one months passed. The time far exceeds the one-year statute of limitations period under § 2254(d)(1).

*State v. Ross*, Criminal No. 200122030
*State v. Ross*, Criminal No. 200122032

On November 29, 2000, Petitioner pleaded guilty to conspiracy to distribute CDS in *State v. Ross*, Criminal No. 200122030 and possession with intent to distribute CDS in *State v. Ross*, Criminal No. 200122032. Paper No. 9, Exs. 5 & 6; Ex. 9 at Ex. A. He was sentenced on both convictions that same date. Petitioner was permitted to file an application for leave to appeal these guilty pleas. On October 18, 2002, the Court of Special Appeals of Maryland denied his application. *Id.*, Exs. 5-8. The intermediate appellate court's mandate was issued on November 18, 2002. *Id.*, Ex. 8. As the denial of an application for leave to appeal is not subject to review by the Court of Appeals of Maryland,[6] Petitioner's convictions as to *State v. Ross*, Criminal No. 200122030 and *State v. Ross*, Criminal No. 200122032, became final on November 18, 2002.

Approximately thirty-two months later, on July 11, 2005, Petitioner filed a post-conviction petition seeking relief as to these two convictions.[7] Paper No. 9, Exs. 5, 6, & 9. The petition was denied by Baltimore City Circuit Court Judge Bonita J. Dancy on March 27, 2006. *Id.*, Ex. 10. Petitioner did not seek leave to appeal this decision. *Id.*, Exs. 5 & 6. Therefore, post-conviction proceedings became final 30 days later, on April 26, 2006. *See* Md. Rule 8-204(b). Petitioner filed this Petition over nine months later. Therefore, the collective period when no state court direct

---

[6] *See* Md. Code Ann., Cts. & Jud. Proc., Art § 12-202(4).

[7] As previously noted, Petitioner filed a post-conviction petition as to these two criminal cases while his application for leave to appeal was pending. Paper No. 9, Exs. 5 & 6. On January 18, 2001, Judge Mitchell dismissed the petition due to the pending direct appeal. *Id.*, Exs. 4-6.

appeal or collateral review was pending in these two CDS cases is approximately 41 months, which greatly exceeds the one-year limitations period.

Petitioner cannot and does not argue that his Petition is saved by the statutory tolling periods under § 2244(d)(1) & (2). Further, he raises no grounds for the equitable tolling of the limitations period. *See Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) *see also Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). For the aforementioned reasons, the court finds the instant Petition time-barred and shall deny and dismiss the matter with prejudice.

A separate Order follows.

Date:    May 22, 2007             _____/s/_____
                                  DEBORAH K. CHASANOW
                                  United States District Judge